## VONDERMUHLL v. HELVERING, Commissioner of Internal Revenue.

### No. 6246.

United States Court of Appeals for the District of Columbia.

Argued Dec. 6, 1934.

Decided Jan. 14, 1935.

Robert B. Cumming, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Robert H. Jackson, Frank A. Surine, Norman D. Keller, and Louise Foster, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal presents for review a decision of the Board of Tax Appeals sustaining the Commissioner of Internal Revenue in a determination of a deficiency in the petitioner's individual income tax for the year 1926.

The petitioner is a citizen of Switzerland, living in Basle, and the widow of Alfred Vondermuhll, a member of the firm of William Iselin & Co., who died in 1920, leaving her 60 per centum of his large estate situated in the United States.

She conveyed that interest to her two sons, both citizens of the United States and resident therein. The sons, in turn, conveyed the property to themselves as trustees upon certain trusts, their deeds reciting that the conveyance to them by their mother was made "upon the condition and understanding that there shall be paid to the said Anna Vondermuhll-Hoffman during her life the net income derived from said monies and that all of said monies be on deposit with said William Iselin & Company of New York at 6% per annum interest, with power, however, to make changes in the investment of said monies." In addition to powers of deposit, sale, resale, and investment, the trustees, or the survivor, had power of filling a vacancy in the office of trustee, while upon the death of Mme. Vondermuhll-Hoffman the property is to pass to her sons if living, or to their appointees by will, or to the persons entitled thereto under the laws of New York in the absence of a will.

Under this arrangement, by 1926 the trust fund in varying portions had been deposited with or loaned to William Iselin & Co., A. Iselin & Co., and Arthur J. Rosenthal & Co., of New York.

These houses are described as factors, brokers, and investment bankers, engaged in many commercial and financial activities, all

being copartnerships and all partners therein being citizens and residents of the United States.

These houses paid to the trustees during the years 1924, 1925, and 1926 income amounting respectively to $27,000, $27,000, and $37,000, in round figures, upon which the deficiencies in question were determined.

No part of these receipts was included in the income tax returns of either the trustees or the beneficiary, on the theory that they consist of interest paid by American bankers to an alien depositor neither residing nor doing business within the United States, and therefore exempt from tax under a provision of the Revenue Act of 1926 which governs the question.

Subdivision (a) (1) (A) of section 217 of that act (26 USCA § 958 (a) (1) (A) excepts from the gross income of a nonresident alien "interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein."

■ If it should be conceded that these commercial houses were "carrying on the banking business" in the sense of this statute, which is open to much doubt, still the petitioner does not bring herself within the exception she asserts. For this is an active trust created by the petitioner of her own motion for her own convenience, wherein she has no control of the trust funds, their management, or their ultimate destination, and no control of the trustees, or of any vacancy arising among them.

Such a trustee is not the mere agent of a life tenant entitled to net income. Taylor v. Mayo (Taylor v. Davis), 110 U. S. 334, 4 S. Ct. 147, 26 L. Ed. 163.

These trustees, and not the petitioner, were paid the interest by the bankers, if they are bankers.

And while the purpose of the statutory exception may have been to induce alien owners to put deposits in American banks, the act makes no exception in favor of American citizens resident in the United States, even though the funds involved may ultimately pass through their hands to a nonresident alien.

And one claiming the benefit of a statutory exception must bring himself explicitly within it, while a statute granting a special privilege is always to be taken most strongly in favor of the public. Providence Bank v. Billings, 4 Pet. 561, 7 L. Ed. 939; The Binghamton Bridge, 3 Wall. 75, 18 L. Ed. 137; West Wis. Ry. Co. v. Supervisors of Trempealeau County, 93 U. S. 595, 23 L. Ed. 814; Cornell v. Coyne, 192 U. S. 431, 24 S. Ct. 383, 48 L. Ed. 504; Hubbard-Ragsdale Co. v. Dean (D. C.) 15 F.(2d) 410.

And in considering the same section of the same statute, in another connection, the Supreme Court recently said that the "general object of this act is to put money into the federal treasury; and there is manifest in the reach of its many provisions an intention on the part of Congress to bring about a generous attainment of that object by imposing a tax upon pretty much every sort of income subject to the federal power." Helvering v. Stockholms Enskilda Bank, 293 U. S. 84, 55 S. Ct. 50, 52, 79 L. Ed. ——, decided Nov. 5, 1934.

The decision of the Board of Tax Appeals is affirmed.