175 F.2d 273 (1949)
HIATT, Warden,
v.
BROWN
BROWN
v.
HIATT, Warden.
No. 12641.
United States Court of Appeals Fifth Circuit.
June 16, 1949.
*274 J. Ellis Mundy, U.S. Atty., and Harvey H. Eisinger, Asst. U.S. Atty., Atlanta, Ga., Eugene M. Caffey, Col. JAGD Hq. 3rd Army, and H. M. Peyton, Lt. Col. JAGD *275 Hq. 3rd Army, Fort McPherson, Ga., for appellant and cross-appellee.
Walter G. Cooper, Atlanta, Ga., for appellee and cross-appellant.
Before HOLMES, McCORD, and WALLER, Circuit Judges.
McCORD, Circuit Judge.
Eugene Preston Brown, while serving as a soldier in the occupation forces of the United States Army, was tried and convicted by a general court-martial at Mannheim, Germany, on January 14, 1947, for a violation of Article of War 92. Title 10 U.S. C.A. § 1564. He was thereupon sentenced to be confined at hard labor for life, to be dishonorably discharged from the service, and to forfeit all pay and allowances due or to become due. Upon recommendation of the Army reviewing authorities, his term of confinement was thereafter reduced to twenty years, and he was imprisoned in the United States Penitentiary at Atlanta, Georgia, on September 24, 1947.
On July 9, 1948, Brown petitioned the United States District Court for the Northern District of Georgia for a writ of habeas corpus. After a hearing thereon the writ was sustained, and the petitioner released on bond. From such ruling of the court sustaining the writ and releasing petitioner the United States has appealed. Petitioner has also filed a cross-appeal, alleging numerous additional grounds for sustaining the writ.
The controlling questions presented are: (1) Whether the court-martial, as organized, had jurisdiction over the offense, and (2) whether, assuming jurisdiction appears, there was nevertheless such a denial of due process to petitioner as would require us to invalidate his conviction and sentence.
The district court found that the court-martial which tried petitioner was illegally constituted and without jurisdiction, for the reason that it was organized in plain disregard of the requirements of the 8th Article of War, Title 10 U.S.C.A. § 1479, the pertinent provision of which reads as follows:
"The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. The law member, in addition to his duties as a member, shall perform such other duties as the President may by regulations prescribe."
The record conclusively reveals that the law member appointed to serve on the court-martial was not an officer of the Judge Advocate General's Department. It further appears from the order convening the court-martial that although a Captain of the Judge Advocate General's Department and one other Judge Advocate officer were then available for appointment as law member, the appointing authority nevertheless detailed both these officers to serve as assistant trial judge advocates, and named a Colonel of the Field Artillery to serve as law member instead. No authority, explanation, or reason whatever is offered in justification or excuse of this action.
It is well settled that a court-martial is a military court of limited statutory jurisdiction whose judgments are subject to collateral attack on habeas corpus. Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692. There is no presumption in favor of the validity of a judgment or sentence of a court-martial, and the burden of proving that it was legally organized, that it had jurisdiction, and that all statutory requirements governing its proceedings were complied with, rests upon the party seeking to uphold its judgments. McClaughry v. Deming, 186 U.S. 49, 62, 63, 22 S.Ct. 786, 46 L.Ed. 1049; Runkle v. U.S., 122 U.S. 543, 555, 7 S.Ct. 1141, 30 L.Ed. 1167; Schita v. King, 8 Cir., 133 F.2d 283. Moreover, while under the decisions of our Court of Last Resort we are not permitted to pass upon or weigh the evidence in order to question the innocence or guilt of persons convicted by *276 courts-martial, the inherent prerogative of a federal court to inquire into the jurisdiction of a court-martial, on application for habeas corpus, has been specifically upheld in the recent pronouncement of Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 831, wherein the following language appears:
"It is contended that the court-martial was without jurisdiction to try respondent. If so the court-martial exceeded its lawful authority and can be invalidated despite the limited powers of a court in habeas corpus proceedings. * * *" See also, United States v. Cooke, 336 U.S. 210, 69 S.Ct. 530; In re Yamashita, 327 U.S. 1, 8-9, 66 S.Ct. 340, 90 L.Ed. 499; Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 66 L.Ed. 692.
We are of opinion the 8th Article of War requires, in order to insure the protection of fundamental and constitutional safeguards to members of our armed forces, certainly in times of peace, that the presence of a duly qualified law member from the Judge Advocate General's Department be made a jurisdictional prerequisite to the validity of such court-martial proceeding, except in the single instance where such officer is actually, and in fact, "not available". It is without dispute that such law member is charged with the solemn duty and responsibility of a final ruling upon every disputed issue at the trial, of restraining the prosecution within proper legal bounds, and of insuring the accused due process of law by carefully preserving his constitutional rights. And where, as here, it conclusively appears that although two of the required law members were actually "available" at the time of their court-martial appointment for the position of law member, and the appointing authority has arbitrarily, and without apparent justification or excuse, appointed both of them to serve as assistant prosecutors of the accused, it leaves the entire proceeding in some sort analogous to a jury trial without a judge present. Cf. Martin v. Mott, 12 Wheat. 19, 6 L.Ed. 537; Mullan v. United States, 140 U.S. 240, 11 S.Ct. 788, 35 L.Ed. 489; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823.
We readily concede that where the required law member does not clearly appear to have been available at the time a court-martial is organized, an appointing authority may, in his discretion, appoint as law member thereof another officer "specially qualified to perform the duties of law member" who need not be a member of the Judge Advocate General's Department. Such is not the case here. In this case no evidence whatever has been offered to disprove the undisputed fact that a law member from the Judge Advocate General's Department was actually "available" at the time the court-martial was organized, nor does it appear that any discretion was exercised by the convening authority.[1] It is well settled that a party claiming the benefit of a statutory exception must bring himself squarely within its terms. Ver Mehren v. Sirmyer, 8 Cir., 36 F.2d 876, 880; Vondermuhll v. Helvering, 64 App.D.C. 137, 75 F.2d 656; Canadian Pacific Rwy. Co. v. United States, 9 Cir., 73 F.2d 831, 834; Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475.
The arbitrary action of organizing this court-martial in complete disregard of the plain requirements of the 8th Article of War is manifestly reviewable, both as an abuse of discretion, and as a fatal organizational defect which effectually divests the court-martial of jurisdiction. Cf. Henry v. Hodges, 2 Cir., 171 F.2d 401.[2] To hold otherwise would violate both the spirit and mandate of the Congressional enactment. Manifestly, this is true where the accused, *277 as here, is being tried in time of peace for the offense of murder.
Passing from the jurisdictional issue involved, there remains an additional and independent ground on which this writ should be sustained. The record of this court-martial conviction is replete with highly prejudicial errors and irregularities which have manifestly operated to deprive this petitioner of due process of law. We need cite only a few patent instances:
(1) Accused was convicted on the theory that although he was on duty as a sentry at the time of the offense, it was incumbent upon him to retreat from his post of duty.
(2) Accused has been convicted of murder on evidence that does not measure to malice, premeditation, or deliberation.[3]
(3) The record reveals that the law member appointed was grossly incompetent.
(4) There was no pre-trial investigation whatever upon the charge of murder.[4]
(5) The record shows that counsel appointed to defend the accused was incompetent, gave no preparation to the case, and submitted only a token defense.
(6) The appellate reviews by the Army reviewing authorities reveal a total misconception of the applicable law.[5]
While each of the above errors and irregularities may not constitute a jurisdictional defect in itself, still when we consider the cumulative effect of the highly prejudicial errors present, we are led unerringly to the conclusion that this petitioner has not been accorded a fair trial, even under military law. Hicks v. Hiatt, D.C., 64 F.Supp. 238. We have merely adverted to certain phases of the evidence, not for the purpose of reviewing its sufficiency to support the conviction, but only to show that but for the errors complained of, petitioner might have had some measure of due process. Although we realize that it is no longer our province to review the evidence in a court-martial proceeding[6] we believe it still essential that an accused before a military tribunal be accorded at least some semblance of a fair trial. Otherwise, the constitutional guaranty of due process of law under the Fifth Amendment, as applied to habeas corpus applications from court-martial convictions, no longer obtains in the federal courts. In the absence of a plain pronouncement to that effect from our Court of Last Report, it is not our province to so declare the law. Cf. Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834.
We conclude that the conviction and sentence of this petitioner are invalid, both because his court-martial was without jurisdiction, and because he has not been afforded due process of law. McClaughry v. *278 Deming, 186 U.S. 49, 62, 63, 22 S.Ct. 786, 46 L.Ed. 1049; Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; Bridges v. Wixon, 326 U.S. 135, 156, 65 S.Ct. 1443, 89 L.Ed. 2103; Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; Schita v. King, 8 Cir., 133 F.2d 283; Cf. Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830; Henry v. Hodges, 2 Cir., 171 F.2d 401; In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823. In view of this holding, we consider it unnecessary to pass upon the other assignments of error urged by petitioner in his cross-appeal.
It follows that the action of the district court in sustaining the writ and discharging petitioner should be, and the same is hereby affirmed.
WALLER, Circuit Judge, dissents.
NOTES
[1] Although it appears that one of the required law members was not present at the time of trial, and took no part in the proceedings, no explanation is given for the failure to designate him as law member at the time the court-martial was organized, nor is the failure to appoint as law member the other judge advocate officer who served on the court accounted for.
[2] The present law, as revealed by the new Manual for Courts-Martial (1949), Section 4(e), p. 3, makes it clear that a failure to comply with Article of War 8 in organizing a court-martial is a jurisdictional defect. This section reads, "Failure to appoint a law member of a general court-martial who is qualified as prescribed in Article 8 renders any proceeding of such a court void."
[3] Murder in the first degree, by common law definition, is the willful, malicious, premeditated, and deliberate killing of a human being. Murder in the second degree is the willful and malicious killing of a human being without premeditation and without deliberation. Malice in law is the intentional doing of an unlawful act without justification or excuse. Here, the undisputed evidence reveals that the altercation or dispute resulting in the death was a sudden affray or encounter which lasted only about two minutes.
[4] Charges were originally preferred against the accused for manslaughter, and an investigation was conducted based on this charge. Afterwards, upon order of the Commanding Officer over 100 miles distant, the charge of manslaughter was abandoned without explanation, and a new charge or specification of murder instituted. No additional pre-trial investigation was made. Cf. Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830. Although in the latter case the Supreme Court held that the pre-trial investigation under Article of War 70, 10 U.S. C.A. § 1542, is not a jurisdictional requirement, the entire absence of any investigation whatever upon a charge of murder is still a circumstance to be considered in determining whether there has been a denial of due process.
[5] The Army reviewing authorities held that since the accused had pleaded self-defense, he could not claim that as a sentry, he was under no duty to retreat. This was highly prejudicial. See In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L. Ed. 55; United States v. Lipsett, D.C., 156 F. 65; Brown v. United States, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961, 18 A.L.R. 1276; Beard v. United States, 158 U.S. 550, 564, 15 S.Ct. 962, 39 L.Ed. 1086; Rowe v. United States, 164 U. S. 546, 17 S.Ct. 172, 41 L.Ed. 547.
[6] In re Yamashita, 327 U.S. 1, 8-9, 66 S.Ct. 340, 90 L.Ed. 499; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830.