**WHELCHEL v. McDONALD, Warden.**

No. 12760.

United States Court of Appeals
Fifth Circuit.

July 22, 1949.

Hugh Carney, Atlanta, Texas, for appellant.

Steve M. King, U. S. Attorney, Beaumont, Texas, Nicholas R. Voorhis, Lt. Col., Washington, D. C., Office of Judge Advocate Gen., Warren G. Moore, U. S. Attorney, Tyler, Texas, Reginald C. Miller, Lt. Col., J. A. G. C. Office of Judge Advocate Gen., Washington, D. C., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, Marton L. Whelchel, was tried and convicted for rape on a German girl and sentenced to death by a general court-martial held at Immerath, Germany, on April 10, 1945, he being a private in a Tank Destroyer Battalion on active war duty. The sentence was commuted to life imprisonment by General Dwight D.

Eisenhower. Later the President, on July 16, 1947, reduced the term to twenty-one years. On Jan. 10, 1949, discharge was sought by habeas corpus in the District Court for the Eastern District of Texas, but after a hearing the imprisonment was held lawful and Whelchel was remanded to custody.

On this appeal two points only are argued: 1. The court was composed of officers alone, with no provision of law for including any members of the private soldiers' class, contrary to the Fifth and Ninth Amendments of the Constitution. 2. The reviewing authorities failed, on notice of the probable insanity of the accused at the time of the offense and of his trial, to halt the execution of the sentence and have a thorough psychiatric examination made of him pursuant to Section 87(b) of the then Manual for Courts-Martial, and thereby deprived him of due process of law.

The Court-Martial record shows the court to have been organized according to the Articles of War, and to have proceeded regularly, the accused being represented by counsel of whom no complaint was or is made. It was composed wholly of commissioned officers, as provided by Article of War 4, 10 U.S.C.A. § 1475. Such a provision has been in all the Articles of War enacted since the adoption of our Constitution, and was in the British Articles of War of 1765, and in the American Articles of War of 1776. See Winthrop's Military Law and Precedents, Second Edition, pages 931 and ff. So far as we are informed never before has it been urged that there is constitutional infirmity in the provision. In Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469, a sentence was imposed in the United States in time of peace, and the Articles of War were attacked as not providing for indictment and jury trial according to constitutional provisions. The court said, 255 U.S. at page 9, 41 S.Ct. at page 226: "In connection with this subject we observe that a further contention, that conceding the accused to have been subject to military law, they could not be tried by a military court because Congress was without power to so provide consistently with the guaranties as to jury trial and

presentment or indictment by grand jury, respectively secured by article 1, § 8 of the Constitution, and article 5 of the Amendments, is also without foundation, since it directly denies the existence of a power in Congress exerted from the beginning, and disregards the numerous decisions of this court by which its exercise has been sustained—a situation which was so obvious more than 40 years ago as to lead the court to say in Ex parte Reed, 100 U.S. 13, 21, 25 L.Ed. 538: 'The constitutionality of the acts of Congress touching army and navy courts-martial in this country, if there could ever have been a doubt about it, is no longer an open question in this court. Const. Art. 1, Sect. 8, Amendment 5. In Dynes v. Hoover, 20 How. 65 [15 L.Ed. 838], the subject was fully considered and their validity affirmed.'" The application of these constitutional provisions to trial by military commission, in lieu of court-martial, under the Articles of War was elaborately reexamined in Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 2, 87 L.Ed. 3, with the same result.

The contrary argument is that under Magna Charta one's right to be tried by a jury of his peers was established, and is retained by the Ninth Amendment of the Constitution, and the status of a private is so different from that of an officer as to make them completely different classes of persons; and that the Commanding General appoints the court and designates its members, and the whole set-up is aimed at discipline more than at preserving the rights of the accused. The Congress, impressed perhaps with such arguments, did recently alter Article of War 4, made under the authority of Constitution Art. 1, Sect. 8(14), so as to permit service of enlisted persons on the courts-martial for the trial of such persons. We are of opinion that the Constitution was not violated by the Articles hitherto in force on this subject.

2. It is truly argued that the military law is solicitous about the sanity of the accused, both at the time of the offense and at the time of trial. The Manual for Courts-Martial, in force in 1945, promulgated by the President as a proce-

262

dural guide under Article of War 38, 10 U.S.C.A. § 1509, provides in Section 30(c), "No charge will ordinarily be referred for trial if he (the appointing authority) is satisfied that the accused is insane or was insane at the time of the offense charged". Section 35(c) says: "An appointing authority may, in his discretion, suspend action on the charges pending the consideration of the report of one or more medical officers, or a board convened * * *," when insanity is suspected. Section 63 directs the court to enquire into the mental condition of the accused while the case is before the court, if it appears there is reason therefor in the interest of justice; and Section 75 directs the taking of additional evidence on the point if it appears to be in the interest of justice at any time before the sentence is imposed. Section 78(a) declares that one cannot be legally convicted if there is reasonable doubt as to his mental responsibility for the offense. Section 87(b) directs the reviewing authority also to take "appropriate action" if it appears that the accused may have been insane, "regardless of whether any such question was raised at the trial or how it was determined if raised." These provisions are all directory, relating to the exercise of jurisdiction, and do not limit jurisdiction. They resemble the rules of the law applied in civil courts in the trial of crimes. The plea of not guilty covers the question of sanity at the time of the offense, and proof of insanity at that time may be offered under that plea. Insanity at the time of trial is a special issue ordinarily to be raised and settled before the trial begins. In the civil courts it has been held that the trial concludes both questions, and that insanity either at the time of the offense or at the time of the trial does not destroy jurisdiction, and cannot be asserted in a collateral attack by habeas corpus. Whitney v. Zerbst, 10 Cir., 62 F. 2d 970; Hall v. Johnston, 9 Cir., 86 F. 2d 820; Srygley v. Sanford, 5 Cir., 148 F.2d 264.* In view of the more limited

interference by habeas corpus with the military courts, See Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Sanford v. Robbins, 5 Cir., 115 F.2d 435, we think the same rule should be applied here. It is no more appropriate for a habeas corpus court to try the sanity of an accused convicted by a court-martial than to try his guilt. Both questions are the responsibility of the court-martial and the reviewing authorities, including the President.

In this case there was a preliminary report to the Division Commander by the Staff Judge Advocate that there was no reason to believe the accused mentally defective or deranged, either temporarily or permanently. The Division neuropsychiatrist had examined the accused and reported him legally sane, though of a low mental order. No issue of mental derangement was made in the trial. After conviction and sentence the defense counsel brought forward facts and opinion evidence to show derangement which was submitted to the reviewing authorities, along with a recommendation by five members of the court-martial that accused be given a thorough psychiatric examination. The evidence in the trial, especially that by his companion in the criminal enterprise, tended to show that they both were drinking, but there were no circumstances showing mental derangement at the time. Whelchel did not testify, and he claims now to be unable to remember anything about the affair. The reviewing authorities did not order a further psychiatric examination, but commuted the sentence from death to life imprisonment and finally to twenty-one years. The district court on habeas corpus properly refused to interfere.

▓▓▓ 3. Habeas corpus to review the action of another court is in its nature extraordinary, and will not be used, if available at all, till other remedies have been exhausted. Goto v. Lane, 265 U.S. 393, 401, 44 S.Ct. 525, 68 L.Ed. 1070. See also Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448,

* See also 14 Am.Jur. Criminal Law, Sec. 46; 25 Id., Habeas Corpus, Sec. 84. But there is recent authority that habeas corpus may be available to attack a conviction in a civilian court. See

Forthoffer v. Swope, 9 Cir., 103 F.2d 707; Ashley v. Pescor, 8 Cir., 147 F.2d 318; Brewer v. Hunter, 10 Cir., 163 F. 2d 341; Moss v. Hunter, 10 Cir., 167 F. 2d 683.

88 L.Ed. 572. On Feb. 1, 1949, the amended Articles of War, Act of June 24, 1948, 62 Stats. 627 went into effect. Article 53, 10 U.S.C.A. § 1525, provides for the grant of a new trial or the vacation of a sentence for a good cause shown within one year after final disposition of a court-martial case; and in cases involving offenses committed during World War II, the application may be made within one year after termination of the war. The action taken on such application is expressly made binding on all courts of the United States. This remedy is much better adapted to reach justice than any within the power of the district court on habeas corpus. That it has not been sought here is within itself a sufficient reason for noninterference.

Judgment affirmed.