## SINCLAIR v. HIATT.
### No. 2436.

District Court, N. D. Georgia,
Atlanta Division.

Nov. 1, 1949.

Walter G. Cooper, Atlanta, Ga., for petitioner, plaintiff in error.

J. Ellis Mundy, United States Attorney, Atlanta, Ga., Harvey H. Tisinger, Assistant United States Attorney, Atlanta, Ga., Eugene M. Caffey, Colonel, Judge Advocate General's Corps, Fort McPherson, Ga., Seymour W. Wurfel Lieutenant Colonel, Judge Advocate General's Corps, Fort McPherson, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

Petitioner was, on May 12, 1945 sentenced after trial and conviction by a General Court-Martial upon the charge of murder, for the term of his natural life. The sentence was later reduced to his present sentence of twenty-five years.

The sole ground for writ of habeas corpus alleged in petitioner's application is that the Court-Martial which tried him was without jurisdiction because an officer of the Judge Advocate General's Department, although one was available, was not appointed as the law member on the Court as required by Article of War 8, 10 U.S.C.A. § 1479.

Other grounds were alleged in amendments, but it is not necessary to pass upon them since the case is disposed of as a matter of law before reaching the issues raised by the amendments.

The writ was duly issued, response and traverse thereto filed, and petitioner produced in court.

Before the introduction of evidence, respondent moved to dismiss the petition because of petitioner's failure to comply with Article of War 53, 10 U.S.C.A. § 1525.

Decision was reserved and the case proceeded to trial upon the evidence.

Upon further consideration of the motion to dismiss, the Court is of the opinion that the decision of the United States Court of Appeals for the Fifth Circuit in the case of Whelchel v. McDonald, 176 F.2d 260, which is, of course, binding upon this Court, makes compliance with Article of War 53, except in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455, a condition precedent to entertainment of an application for writ of habeas corpus.

Petitioner has not proved compliance with Article of War 53 or the existence of such exceptional circumstances. Therefore, this Article of War not having been complied with in this case, the motion to dismiss should be sustained and the petition dismissed as premature, without

prejudice, however, to the filing of a new application for writ of habeas corpus, in the event application for relief is made under Article of War 53 to the Judge Advocate General and is denied by him. In Burchfield v. Hiatt, D.C.1949, 86 F.Supp. 18, before the decision in the Whelchel case, this Court decided that, in the circumstances of that case, failure to comply with Article of War 53 did not deprive it of jurisdiction and proceeded to dispose of the case on its merits as was done in the Whelchel case. This ruling may be brought into harmony with the decision here and in the Whelchel case by considering it as the exercise of judicial discretion based on exceptional circumstances.

The issue of the finality of the decision of the Judge Advocate General and the question of the jurisdiction of the Court-Martial, being premature, are not present in this case, nor were they in the Whelchel case, since no application to the Judge Advocate General had been made in either case prior to instituting habeas corpus proceedings. The Court of Appeals, in the Whelchel case, however, actually assumed jurisdiction and decided the two constitutional questions presented in the application for writ of habeas corpus, but added in its opinion that a remedy of appeal to the Judge Advocate General was provided by Article of War 53, and that "This remedy is much better adapted to reach justice than any within the power of the district court on habeas corpus. That it has not been sought here is within itself a sufficient reason for noninterference." 176 F.2d at page 263.

The holding of the Court is not clear to me. The sentence last quoted, considered alone, seems to leave the matter of interference by habeas corpus to the discretion of the Court, but when considered in its context, I am constrained to interpret the decision as holding that compliance with Article of War 53, is in the absence of exceptional circumstances, a mandatory condition precedent to an application for writ of habeas corpus.

Under Article of War 53, the Judge Advocate General "is authorized," not required, to entertain a petition of a con-victed person, if filed within one year after final disposition of his case, or a longer period if for an offense committed during World War Two, and "in his discretion to grant a new trial, or to vacate a sentence, restore rights, privileges, and property affected by such sentence" et cetera, and his actions are made final and binding on the courts and other governmental agencies. The authority appears to be a mingling of the powers of an appellate court and executive powers, including the presidential power of pardon. Only one appeal is permitted, regardless of whether the action of the Judge Advocate General may have resulted in the denial of constitutional rights or the affirmance of a sentence imposed by a court-martial illegally constituted, or for other reasons acting without its jurisdiction.

The extent of the holding in the Whelchel case, in the light of its facts, seems to be that a habeas corpus court would be required to decline, or justified in declining, a petition for writ of habeas corpus until after application for relief under Article of War 53 to the Judge Advocate General pursuant to the rule that all administrative remedies must be first exhausted; and not that a habeas corpus court is without jurisdiction and precluded, after action by the Judge Advocate General, or his refusal to act, from inquiring into the question whether the court was without jurisdiction, for example, as where not legally constituted, Hiatt v. Brown, 5 Cir., 175 F.2d 273, and whether constitutional rights have been violated.

 Of course, if a court-martial is illegally organized or is for any cause without jurisdiction, its acts are a nullity and action by the Judge Advocate General could not breathe life into them. "Neither the President, nor Congress, nor the Judiciary can disturb any one of the safeguards of civil liberty incorporated into the Constitution, except so far as the right is given to suspend in certain cases the privilege of the writ of habeas corpus." Ex Parte Milligan, Headnote 11, 4 Wall. 2, 4, 125, 18 L.Ed. 281." "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and

there is no higher duty than to maintain it unimpaired." Bowen v. Johnston, 306 U.S. 19, 26, 59 S.Ct. 442, 446. Furthermore, "The principle of res judicata does not apply to a decision on habeas corpus refusing to discharge a prisoner," Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 966, 86 L.Ed. 1302, nor, it is submitted, to decisions of the Judge Advocate General, if open to attack by habeas corpus. No principle of law prevents a habeas corpus court, at least after compliance with Article of War 53, from inquiring into the jurisdiction of a court-martial and the constitutionality of its acts.

To give Articles of War 53 and 50, 10 U.S.C.A. §§ 1521, 1525, a construction within the ruling of the Whelchel case and one that, at the same time, might sustain their constitutionality, would be to make the decisions of the Judge Advocate General, after compliance with Article of War 53, as to the facts and exercise of legal discretion, final and binding upon the courts, in cases where the court-martial acted within its jurisdiction, but not as taking away from habeas corpus courts their jurisdiction, after compliance with Article of War 53, to inquire into the constitutionality of the court-martial, its jurisdiction and the constitutionality of its acts, or, before compliance, to inquire into the exceptional character of the facts and circumstances of a particular case which might make delay a virtual suspension of the privilege of the writ of habeas corpus. Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073; Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442.

In Hiatt v. Brown, 175 F.2d 273, affirming judgment of this Court, Brown v. Hiatt, D.C., 81 F.Supp. 647, the Court of Appeals for the Fifth Circuit say, 175 F.2d at page 276: " * * * the inherent prerogative of a federal court to inquire into the jurisdiction of a court-martial, on application for habeas corpus, has been specifically upheld in the recent pronouncement of Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 831, wherein the following language appears: 'It is contended that the court-martial was without jurisdiction to try respondent. If so the court-martial exceeded its lawful authority and can be invalidated

despite the limited powers of a court in habeas corpus proceedings.' "

"The great writ of habeas corpus has been for centuries esteemed the best and only sufficient defence of personal freedom." "That intent, in respect to the writ of habeas corpus, is manifest. It is that every citizen may be protected by judicial action from unlawful imprisonment." Ex parte Yerger, 8 Wall. 85, 95, 101, 19 L.Ed. 332.

These Articles of War do not purport to take away jurisdiction of the civil courts, but do undertake to make the findings of the Judge Advocate General within his jurisdiction, as I interpret them, binding upon the courts. To construe the Articles of War as depriving the courts of their power to issue writs of habeas corpus would raise grave questions as to their constitutionality as virtually suspending the privilege of the writ of habeas corpus guaranteed by Section 9 of Article 1 of the Constitution.

Article of War 53 not only does not purport to withdraw jurisdiction in cases covered by the Article from habeas corpus courts, but does not even expressly make compliance with the Article a condition precedent to bringing habeas corpus as does Section 2255 of Title 28, U.S.C.A. Martin v. Hiatt, 5 Cir., 174 F.2d 350. The defense of prematurity only arises by implication from the rule requiring exhaustion of other remedies, as recognized in the Whelchel case, 176 F.2d at page 262. But this rule "presupposes the existence of some adequate State remedy," Young v. Ragen, supra, and justifies intervention by habeas corpus in its absence and in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, and, it would seem, where unreasonable delay from any cause would amount to a virtual suspension of the privilege of the writ.

Petitioner further contends that Article of War 53 is not applicable in this case under the terms of the Executive Order of the President, Dec. 7, 1948, No. 10020, putting in effect the "Manual for Courts-Martial, U. S. Army, 1949."

832

■ This Order provides, "This manual shall be in force and effect in the Army of the United States on and after February 1, 1949, with respect to all court-martial processes taken on or after February 1, 1949." The Order does not purport to change the statute, but only to provide regulations for carrying it into effect. The particular remedy provided in Article of War 53 is given general application. The Act does not by its terms limit the remedial provisions to court-martial processes instituted subsequently to February 1, 1949. It is a remedial statute and it and the Executive Order should be given a liberal construction. I construe the order, in the light of the statute, to include appeals to the Judge Advocate General as court-martial processes. Under this construction appeals, brought or which may be brought after February 1, 1949, may be entertained by the Judge Advocate General as court-martial processes, under Article of War 53, whether or not the court-martial cases out of which they arose had been finally terminated prior to that date.

■ I hold, under the controlling authority of Whelchel v. McDonald, supra, that the remedy of appeal to the Judge Advocate General afforded by Article of War 53 must be exhausted before relief can be afforded by habeas corpus, except in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," Bowen v. Johnston, supra, but that the action taken in pursuance of said Article is not res judicata and may be inquired into after the exhaustion of the remedy therein provided, but that it is the duty of the habeas corpus court to entertain the application for the writ, even before compliance with Article of War 53, for the purpose of ascertaining, from the pleadings or by trial, whether such exceptional circumstances exist as would make habeas corpus proper. "The writ issues as a matter of course; and on the return made to it the court decides whether the party applying is denied the right of proceeding any further with it." Ex parte Milligan, 4 Wall. 2, 130, 131, 18 L.Ed. 281.

■ "Moreover, the principle has developed that the writ of habeas corpus should be left sufficiently elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint. The rigidity which is appropriate to ordinary jurisdictional doctrines has not been applied to this writ." Price v. Johnston, 334 U.S. 266, 283, 68 S.Ct. 1049, 1059, 92 L.Ed. 1356.

My conclusion is that, upon authority of Whelchel v. McDonald, supra, compliance with Article of War 53 is a condition precedent to the institution of habeas corpus proceedings, except in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent"; and that in the absence here of such showing, the petition should be dismissed without prejudice.

Whereupon, it is considered, ordered and adjudged that the motion to dismiss be, and hereby is, sustained, the petition dismissed as premature, the writ discharged and petitioner remanded to the custody of respondent, without prejudice, however, to the right to present a new application after compliance with Article of War 53.