## SWEENEY v. HIATT.

No. 2391.

United States District Court
N. D. Georgia, Atlanta Division.

Nov. 1, 1949.

 

alleged specifically as a ground for writ of habeas corpus, the Court-Martial record indicates that the law member of the Court-Martial was not a member of the Judge Advocate General's Department as required by law, but this point was raised and argued at the trial.

The writ was duly issued, response filed, and petitioner produced in court. Mr. Frank A. Doughman was appointed counsel for petitioner by the Court.

Before the introduction of evidence, respondent moved to dismiss the petition because of petitioner's failure to comply with the 53rd Article of War, 10 U.S.C.A. § 1525.

Decision was reserved and the case proceeded to trial on the evidence.

Upon further consideration of the Motion to Dismiss, the Court is of the opinion that the decision of the Circuit Court of Appeals for the Fifth Circuit, Whelchel v. A. McDonald, Warden, 176 F.2d 260, decided July 22, 1949, which is, of course, binding upon this Court, makes compliance with the 53rd Article of War, except in extraordinary circumstances, a condition precedent to entertainment of an application for writ of habeas corpus.

Therefore, this Article of War not having been complied with in this case, the Motion to Dismiss must be sustained and the petition dismissed as premature, without prejudice, however, to the filing of a new application for writ of habeas corpus, in the event application for relief is made under the 53rd Article of War to the Judge Advocate General and is denied by him.

The issue of the finality of the decision of the Judge Advocate General and the question of jurisdiction of the Court-Martial, being premature, are not present in this case, nor were they in the Whelchel case, since no application to the Judge Advocate General has been made in either case. The Court of Appeals, in the Whelchel case, however, actually assumed jurisdiction and decided the two constitutional questions presented in the application for writ of habeas corpus.

Frank Doughman, Atlanta, Ga., for petitioner.

Col. Seymour W. Wurfel, JAGD, Fort McPherson, Ga., for respondent.

UNDERWOOD, District Judge.

After trial and conviction by a General Court-Martial, petitioner was, on October 23, 1945, sentenced upon the charge of murder, to death by hanging. Subsequently the sentence was commuted to imprisonment for life.

Petitioner alleges as grounds for writ of habeas corpus violation of his constitutional rights guaranteed by the Fifth and Sixth Amendments to the Constitution by the Court-Martial which tried him. While not

418

The extent of the holding in the Whelchel case, in the light of its facts, seems to be that a habeas corpus court would be justified in declining to entertain a petition for writ of habeas corpus until after application for relief under Article of War 53 had been made to the Judge Advocate General, pursuant to the rule that all administrative remedies must be first exhausted, and not that a habeas corpus court is without jurisdiction and precluded, after action by the Judge Advocate General or his refusal or failure to act, from inquiring into the question whether the Court-Martial was without jurisdiction, for example, as where not legally organized, Hiatt v. Brown, 5 Cir., 175 F.2d 273, and whether constitutional rights have been violated. Of course, if a court-martial is illegally organized or without jurisdiction, its acts are a nullity and action by the Judge Advocate General could not breathe life into them.

To give Articles of War 53 and 50, 10 U.S.C.A. §§ 1521, 1525, a reasonable construction within the ruling in the Whelchel case and one that would sustain their constitutionality, would be to make the decisions of the Judge Advocate General as to the facts and exercise of legal discretion, final and binding on the courts, in cases where the Court-Martial acted within its jurisdiction, but not as taking away from habeas corpus courts their jurisdiction to inquire into the constitution of the court-martial, its jurisdiction and the constitutionality of its acts. These Articles of War do not purport to take away jurisdiction of the civil courts but only to make the findings of the Judge Advocate General binding upon them. To construe the Articles of War otherwise would raise grave questions as to their constitutionality as virtually suspending the writ of habeas corpus guaranteed by Section 9 of Article I of the Constitution.

Upon the authority of the Whelchel case, I sustain the motion to dismiss the petition because prematurely brought.

Whereupon, it is Considered, Ordered and Adjudged that the motion to dismiss be, and hereby is, sustained, the petition dismissed as premature, and petitioner re-manded to the custody of respondent, without prejudice, however, to the filing of a new application after compliance with the 53rd Article of War.