## OLSEN v. HIATT.
No. 2499.

United States District Court
N. D. Georgia, Atlanta Division.
March 20, 1950.

Albert J. Olsen, in pro. per.

J. Ellis Mundy, United States Attorney, Harvey H. Tisinger, Assistant United States Attorney, Atlanta, Ga., Eugene M. Caffey, Colonel, Judge Advocate General's Corps, Seymour W. Wurfel, Lieutenant Colonel, Judge Advocate General's Corps, Fort McPherson, Ga., for respondent.

HOOPER, District Judge.

Plaintiff, an inmate of the Atlanta Federal Penitentiary, brings this petition for writ of habeas corpus against W. H. Hiatt, Warden, alleging in substance the following:

He is imprisoned under a sentence of death imposed March 15, 1945 by an Army Courts Martial at Krefeld, Germany, subsequently commuted to life imprisonment. It is alleged his imprisonment is illegal because the General Courts Martial imposing the sentence was not constituted pursuant to the provisions of Article of War 8, 10 U.S.C.A. § 1479. Attached, as exhibits, to his petition are photostatic copies of the orders setting up the General Courts Martial, which show the following details:

As law member, a Colonel of Infantry; as Trial Judge Advocate, a Captain of Infantry; as Assistant Trial Judge Advocate, a First Lieutenant in the Judge Advocate General's Department; as Defense Counsel and Assistant Defense Counsel, a Major and a First Lieutenant of Infantry, respectively. It thus appears from plaintiff's petition that the only member of the Judge Advocate General's Department apparently available was not detailed as the law member of the court, as provided by Article of War 8, but was in fact, detailed as assistant prosecutor.

Plaintiff admits in his petition that he has not availed himself of the provisions of Article of War 53, 10 U.S.C.A. § 1525, effective June 24, 1948, alleging among other things, that it makes no provision for remedy upon jurisdictional grounds, that it does not relate to jurisdictional defects, but only to questions of fact and procedure.

The sole question necessary for decision by this court at this time is whether the motion filed by respondent to dismiss the application for habeas corpus should be granted because of plaintiff's failure to pursue the remedy provided by Article of War 53, by filing petition to the Judge Advocate General who may, upon good cause shown, in his discretion * * * grant a new trial, or * * * vacate the sentence, or grant other relief.

It seems clear that plaintiff must pursue the course just referred to, even though his attack upon the sentence imposed on him by the General Courts Martial is based upon its alleged illegal organization. In Whelchel v. McDonald, 176 F.2d 260, 263, the Circuit Court of Appeals for this (the 5th) Circuit ruled that the remedy provided by Article of War 53 "is much better adapted to reach justice than any within the power of the district court on habeas corpus." That ruling was recently followed and approved by the same court in the companion cases of Hiatt, Warden v. Burchfield, 179 F.2d 679; Hiatt, Warden v. Fugate, 179 F.2d 679, and Hiatt, Warden v. Jackson, 179 F.2d 680. In each of the aforesaid three cases organization of the courts martial was attacked, as in the instant case, on grounds of alleged violation of Article of War 8 in the setting up of the courts martial. In said cases it was ruled that plaintiff's petition for habeas corpus should be dismissed and such rulings are binding upon this court.

While the foregoing disposes of the motion to dismiss, which is granted, a brief word as to the merits of plaintiff's petition is added for possible future reference.

When this case was tried in this court plaintiff's petition appeared to possess merit because of the ruling of the Court of Appeals of this (Fifth) Circuit in the case of Hiatt, Warden v. Brown, 175 F.2d 273, to the effect that Article of War 8 required "the presence of a duly qualified law member from the Judge Advocate General's Department be made a jurisdictional prerequisite to the validity of such court-martial proceeding, except in the single instance where such officer is actually and in fact, 'not available'" (See page 276).

Petition to the United States Supreme Court for certiorari to review that decision was then pending. Only a few days ago (on March 13, 1950) the United States Supreme Court reversed that ruling, 70 S.Ct. 495, 497, and approved the decision in the case of Henry v. Hodges, 2 Cir., 171 F.2d 401, and in doing so stated in part as follows: "We agree with the latter interpretation that the availability of an officer as law member was intended by Congress to be a matter within the sound discretion of the appointing authority. * * * The exercise of the discretion thus conferred on the appointing authority may be reviewed by the courts only if a gross abuse of that discretion would have given rise to a defect in the jurisdiction of the court-martial."

In the instant case Olsen, the petitioner, does not allege there was any actual abuse of discretion upon the part of the appointing officer in detailing the courts-martial which tried him.

However, plaintiffs petition is being dismissed without prejudice to his right to file it again should circumstances warrant it. Article of War 53 provides "that all action by the Judge Advocate General pursuant to this article * * * shall be final and conclusive and * * * shall be binding upon all departments, courts, agencies, and officers of the United States." The above language would indicate on the face of it that an adverse ruling by the Judge Advocate General upon an application to him thereunder would be final, even though the application alleged deprivation of due process of law arising upon failure to observe the requirements of Article of War 8 in establishing the courts-martial. That question, however, is not now before this court.

Wherefore, it is ordered that plaintiff's petition be and it is hereby, dismissed without prejudice.