**UNITED STATES ex rel. GIESE v. CHAMBERLIN et al.**

No. 10143.

United States Court of Appeals Seventh Circuit.

Oct. 5, 1950.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski and Melvin L. Klafter, Assts. U. S. Atty., all of Chicago, Ill., for appellants.

Abner F. Bond, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order entered by the district court on a petition for a writ of habeas corpus, discharging the relator, William H. Giese, from custody of the United States Army.

Relator enlisted in the United States Army about February 2, 1926, and was discharged February 1, 1929. He re-enlisted about March 12, 1930, for a period of three years, but deserted on July 2, 1930. Years later he was apprehended and was returned to military control in August, 1942, and pursuant to the Extension of Service Period Act of December 13, 1941, 55 Stat. 800, 50 U.S.C.A.Appendix, §§ 731–733, he was restored to duty on October 13, 1942, at Fort Sheridan for the duration of the war plus six months. On or about March 15, 1943, relator again deserted. About one year later, on March 16, 1944, he was inducted into the service of the United States Army. On June 29, 1946, he was given an honorable discharge in the usual form. After an investigation by the Criminal Investigation Division of the Army, relator was placed under arrest in February of 1949 for desertion from the Army in March, 1943.

A general court martial was convened at headquarters, Fifth Army, in Chicago, Illinois, and the relator was tried and convicted of desertion under the 58th Article of War, 10 U.S.C.A. § 1530, and was sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for three years.

Under established procedure the proceedings whereby relator was court martialed would be reviewed by the commanding general of the Fifth Army. Before he did so the relator filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. Before that court held the hearing on the petition the Commanding General announced as the result of his review that the sentence of confinement was reduced to ten months and the "dishonorable discharge" mitigated to a "bad

conduct discharge." Thereafter a hearing was had in the district court, which granted the writ and discharged the petitioner, the relator herein, from custody of the Army.

█ Although it is the law in this circuit that in granting or denying a writ of habeas corpus the judge or court should make findings of fact and state conclusions of law, Wood v. Howard, 7 Cir., 157 F.2d 807, 808; Tucker v. Howard, 7 Cir., 177 F.2d 494, 497, findings and conclusions were not entered herein. It is apparent, however, from the remarks of the judge at the hearing, that the basis of his action was that by issuing the honorable discharge to relator, he felt the Army had passed upon relator's entire military record.

Article of War 47, 10 U.S.C.A. § 1518, provides in part:

"Action on record of trial. (c) Before acting upon a record of trial by general court-martial or military commission, or a record of trial by special court-martial in which a bad-conduct discharge has been adjudged and approved by the authority appointing the court, the reviewing authority will refer it to his staff judge advocate or to The Judge Advocate General for review and advice; and no sentence shall be approved unless upon conviction established beyond reasonable doubt of an offense made punishable by these articles, and unless the record of trial has been found legally sufficient to support it.

"Approval. (d) No sentence of a court-martial shall be carried into execution until the same shall have been approved by the convening authority: * * *."

Article of War 50(e), 10 U.S.C.A. § 1521, provides in part:

"Action by board of review in cases involving dishonorable or bad-conduct charges or confinement in penitentiary. (e) No authority shall order the execution of any sentence of a court-martial involving dishonorable discharge not suspended, bad-conduct discharge not suspended, or confinement in a penitentiary unless and until the appellate review required by this article shall have been completed and unless and until any confirming action required shall have been completed. Every record of trial by general or special court-martial involving a sentence to dishonorable discharge or bad-conduct discharge, whether such discharges be suspended or not suspended, and every record of trial by general court-martial involving a sentence to confinement in a penitentiary, * * * shall be examined by the Board of Review which shall take action as follows: * * *."

Thus the district court assumed jurisdiction, granted the writ of habeas corpus, and discharged the relator before the record of the trial by court martial was acted upon by the reviewing authority and before the record was forwarded to the office of the Judge Advocate General for further appellate action.

Article of War 53, 10 U.S.C.A. § 1525, became effective February 1, 1949,[1] and

---

1. Article of War 53. "Petition for new trial. Under such regulations as the President may prescribe, the Judge Advocate General is authorized, upon application of an accused person, and upon good cause shown, in his discretion to grant a new trial, or to vacate a sentence, restore rights, privileges, and property affected by such sentence, and substitute for a dismissal, dishonorable discharge, or bad conduct discharge previously executed a form of discharge authorized for administrative issuance, in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the applica-

tion for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: Provided, That only one such application for a new trial may be entertained with regard to any one case: And provided further, That all action by the Judge Advocate General pursuant to this article, and all proceedings, findings, and sentences on new trials under this article, as approved, reviewed, or confirmed under Articles 47, 48, 49, and 50, and all dismissals and discharges carried into execution pursuant to sentences adjudged on new trials and approved, reviewed, or confirmed, shall be final and conclusive and orders publishing the action of the Judge Ad-

provides that any person convicted of an offense committed during the period of World War II has one year from the termination of the war, or within one year after final disposition of a case upon initial appellate review, whichever is later, to make his application.

Respondents point out that the provisions in the Manual for Courts Martial, prescribed by the President for the guidance of the Army, and the long established and consistent interpretation of Articles of War by the Army should have great weight with this court in deciding the issues before us, and cite the recent case of Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495. The interpretation referred to is that an honorable discharge is a release from and terminates only a particular contract of enlistment; that an honorable discharge does not relieve a soldier from the consequences of a desertion committed during a prior enlistment. In the case at bar the honorable discharge certificate granted to the relator refers to the period of enlistment as March 16, 1944, to June 29, 1946.

The members of this court as well as those administering the affairs of the armed forces, and those directly interested in the outcome of this case, would prefer a decision on the issues herein on the merits. However, the question of jurisdiction has been directly raised, and it must be given first consideration.

■ Where, as here, habeas corpus constitutes a collateral attack upon a judgment, the general rule is that it may not be resorted to until after the exhaustion of other available remedies. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070. The situation most often presented is that of a petitioner confined by State process who files an application for a writ of habeas corpus in a federal court without first having exhausted his State court remedies. White v. Ragen, 324 U.S. 760,

65 S.Ct. 978, 89 L.Ed. 1348; 28 U.S.C.A. § 2254. In recent months this court has repeatedly held that although a petitioner has exhausted all other State remedies, the remedy of habeas corpus is not available to him until he has also complied with the Illinois Post Conviction Remedies Act, Smith-Hurd Stats. 1949, Chap. 38, Sec. 826, which became effective August 4, 1949. United States ex rel. De Frates v. Ragen, 7 Cir., 181 F.2d 1001; United States ex rel. Peters v. Ragen, 7 Cir., 178 F.2d 377; United States ex rel. Hamby v. Ragen, 7 Cir., 178 F.2d 379.

■ Before the district court would have jurisdiction to hear relator's petition for a writ of habeas corpus, he must first have exhausted his appellate remedies under Articles of War 47, 50 and 53. It has been so held as to Article 53 in the Tenth Circuit in McMahan v. Hunter, 179 F.2d 661, and in Spencer v. Hunter, 177 F.2d 370; and in the Sixth Circuit in Schilder v. Gusik, 180 F.2d 662[2]; and in the Fifth Circuit in Whelchel v. McDonald, 176 F.2d 260[2], in Hiatt v. Burchfield, 179 F.2d 679; in Hiatt v. Fugate, 179 F.2d 679; in Hiatt v. Jackson, 179 F.2d 680; the last three being per curiam opinions. Two district court cases in Georgia are to the same effect. Sinclair v. Hiatt, 86 F.Supp. 828; Olsen v. Hiatt, 89 F.Supp. 174.

In the case at bar the relator not only did not exhaust his last available military remedy provided in Article of War 53, but even filed his petition for writ of habeas corpus before the completion of the initial stages of the court martial review proceedings.

The order discharging relator from the custody of respondents is reversed, with instructions to dismiss relator's petition for writ of habeas corpus, to discharge said writ and remand relator to the custody of respondents, such action, however, to be without prejudice to the right of relator

vocate General or the proceedings on new trial and all action taken pursuant to such proceedings, shall be binding upon all departments, courts, agencies, and officers of the United States."

**2.** The Supreme Court has granted certiorari in the Schilder and Whelchel cases. 339 U.S. 977, 70 S.Ct. 1014, 70 S. Ct. 1019.

to file a new application for writ of habeas corpus following exhaustion of indicated administrative remedies under the Articles of War.

Reversed and remanded.