COLLINS ET AL. *v.* McDONALD, COMMANDANT OF DISCIPLINARY BARRACKS OF THE UNITED STATES, ALCATRAZ ISLAND, NORTHERN DISTRICT OF CALIFORNIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 150. Submitted March 2, 1922.—Decided April 10, 1922.

1. In a proceeding in *habeas corpus* on behalf of a person imprisoned under sentence of a court-martial, the inquiry must be limited to the jurisdiction of the court-martial over the offense charged and the punishment inflicted. P. 418.
2. To sustain the jurisdiction of a court-martial in a collateral attack by *habeas corpus,* the facts essential to its existence must appear. P. 418.
3. Taking property " from the presence of " another feloniously and by putting him in fear is equivalent to taking it from his personal protection, and is, in law, a taking from the person—a robbery, as defined by § 284 of the Criminal Code. P. 419.

4. It is not necessary that a charge in court-martial proceedings should be framed with the technical precision of a common-law indictment.   P. 420.

5. In *habeas corpus*, objections to a court-martial trial which are mere conclusions not supported by the record, or concern merely errors in the admission of testimony, cannot be considered.   P. 420.

Affirmed.

APPEAL from an order of the District Court sustaining a demurrer to a petition for *habeas corpus* and refusing the writ.

*Mr. George D. Collins* for appellants.

*Mr. Solicitor General Beck* and *Mr. Blackburn Esterline,* Special Assistant to the Attorney General, for appellee.

MR. JUSTICE CLARKE delivered the opinion of the court.

In February, 1920, Roy Marshall, a private in the United States Army, serving at Vladivostok, Siberia, was tried for robbery by a court martial there convened, was found guilty and was sentenced to imprisonment in the penitentiary at McNeil's Island.

Five months later, when Marshall was at the Disciplinary Barracks on Alcatraz Island, awaiting transportation to McNeil's Island, a petition for a writ of *habeas corpus* was filed in his behalf by his attorney, G. D. Collins, in the District Court for the Northern District of California.

In response to a rule to show cause why the writ should not be issued, Colonel J. D. McDonald, Commandant of the Disciplinary Barracks, filed a demurrer to the petition on two grounds: (1) That the petition did not state facts sufficient to entitle petitioner to the writ, and (2) That the court did not have jurisdiction to entertain the petition.

This demurrer was sustained, without opinion, and the case is here for review on direct appeal from the District Court, based on sufficient constitutional grounds.

If the District Court had issued the writ as prayed for, the only questions it would have been competent for it to hear and determine would have been, "Did the court martial which tried and condemned the prisoner have jurisdiction, of his person, and of the offense charged, and was the sentence imposed within the scope of its lawful powers?" "The single inquiry, the test, is jurisdiction. That being established, the *habeas corpus* must be denied and the petitioner remanded. That wanting, it must be sustained and the petitioner discharged." *In re Grimley,* 137 U. S. 147, 150; *Johnson* v. *Sayre,* 158 U. S. 109, 118; *Carter* v. *McClaughry,* 183 U. S. 365, 368; *Mullan* v. *United States,* 212 U. S. 516, 520; *Ex parte Reed,* 100 U. S. 13, 23. But, the court martial being a special statutory tribunal, with limited powers, its judgment is open to collateral attack, and unless facts essential to sustain its jurisdiction appear, it must be held not to exist. *McClaughry* v. *Deming,* 186 U. S. 49, 62, 63; *Givens* v. *Zerbst,* 255 U. S. 11, 19.

Thus, the question for decision here is, Does the petition show want of jurisdiction in the court martial over the person of the accused and over the offense with which he was charged and for which he was sentenced?

Neither the constitution, the convening, nor the regularity of the proceedings, of the court martial in this case, is assailed, and that the prisoner was a private in the Army of the United States is admitted. The only allegation in the petition of sufficient substance to deserve notice is, that the judgment is void for want of jurisdiction in the court to render it, because the specifications do not charge any crime known to the laws of the United States, in that it does not appear therein that the property alleged to have been taken was not the property of

the accused, and also because it is not averred therein that the property was in the care, possession and custody or control of. the person from whose possession it is alleged to have been taken.

The only part of the charge appearing in the petition is a copy of three specifications, the first of which reads:

"Specification·1: In that Private Roy W. Marshall, Company 'K', 31st Infantry, Private Gilbert Frey, Company 'K', 31st Infantry, Private Gerald E. Troxler, Company 'K.', 31st Infantry, and Private James F. Hyde, Company 'K', 31st Infantry, acting jointly and·in pursuance of a common intent, did, at Vladivostok, Siberia, on or about the 14th· day of January, 1920, by putting him in fear, feloniously· take from the presence of Van Fun Un, 40 Koreaskays Street, Vladivostok, Siberia, the sum of about ten thousand (10,000) Roubles, value about Fifty Dollars ($50.00)."

The second and third specifications differ from the first only in the name and place of residence in Vladivostok of the person robbed and as to the value of the property taken.

The argument in support.of the contention of the petitioner is that the allegation that the property was taken "from the presence of" the persons· named does not imply that it· was ˙taken unlawfully from the presence, possession or custody of another or that it was not at the time, the property of the accused.

The jurisdiction of the .court martial was derived from the act of Congress embodying the Articles of War which, it is declared, shall, at all times and in all places, govern the Armies of the United States (39 Stat. 650, 670), and the charge of robbery was certainly framed ˙under Article 93 thereof, providing that: "Any person subject ˙to military· law who commits  .  .  . robbery shall be punished as a court-martial may direct."

9544°—23——30

The sufficient answer to this contention that the specifications do not charge any crime known to the laws of the United States is that § 284 of the Federal Criminal Code, providing for the punishment of robbery, reads: " Whoever, by force and violence, or by putting in fear, shall feloniously take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."

This has been accepted as an accurate and authoritative definition of robbery from Blackstone, Book IV, p. 243 (Cooley's ed.), to Bishop's New Criminal Law, Vol. II, §§ 1177, 1178. Taking property from the presence of another feloniously and by putting him in fear is equivalent to taking it from his personal protection and is, in law, a taking from the person. Men do not feloniously put others in fear for the purpose of seizing their own property.

It is not necessary that the charge in court martial proceedings should be framed with the technical precision of a common-law indictment, and we cannot doubt that the one in this case clearly shows jurisdiction in the court over the accused and over the offense with which he was charged, and that the latter was sufficiently described to advise defendant of the time and place and circumstances under which it was claimed he had committed the crime, to enable him to make any defense he may have had.

It is also charged that there was no evidence of guilt before the court-martial other than the confession of the accused, which, it is averred, was made, under oath, to and at the instance of his superior officer, under duress, whereby it is alleged he was compelled to become a witness against himself in violation of the Constitution of the United States. This, in substance, is a conclusion of the pleader, unsupported by any reference to the record and, at most, was an error in the admission of testimony,

which cannot be reviewed in a *habeas corpus* proceeding. Cases, *supra.·*

The remaining allegations are trivial.

For the reason that the petition did not state facts sufficient to entitle petitioner to the writ of *habeas corpus,* the judgment of the District Court is

*Affirmed.*