**Ex parte PANAGOPOULOS.**

No. 11336.

District Court, S. D. California, C. D.
March 25, 1933.

Leo Gallagher, of Los Angeles, Cal., for petitioner.

John R. Layng, U. S. Atty., and Harry Graham Balter and Frank M. Chichester, Asst. U. S. Attys., all of Los Angeles, Cal., A. E. Burnett, Dist. Director of Immigration, and Trent Doser, Immigrant Inspector.

COSGRAVE, District Judge.

Warrant of deportation of the petitioner to Greece was issued by the Department of Labor, and petitioner was notified through his counsel on October 31, 1932, at which time he was given the privilege of voluntary departure. He elected to depart voluntarily at his own expense. Unable to raise sufficient money for the purpose, he applied for an extension of time to December 31, which was accorded him. On December 15 he was arrested by the state authorities on a charge of criminal syndicalism and put in jail. Nothing further appears until January 18. He then demanded the privilege of voluntary departure, but at the expense of the government. The time within which he might have departed voluntarily having expired, he was taken into custody by the immigration authorities and so held when the writ was issued.

Claim is made that, because punishment awaits him on his arrival in Greece, his deportation thither is cruel and unusual punishment prohibited by the United States Constitution.

That deportation is not punishment has been decided by the United States Supreme Court repeatedly. It is merely the exercise of the right existing in all sovereignties to say whom of aliens they will allow within their borders.

Voluntary deportation where deportation is ordered is in no sense a right possessed by the alien. It cannot even be said to be a practice of the Department of Immigration. In a sense it is recognized by the Act of March 4th, 1929 (8 USC § 180, subdivision b, 8 USCA § 180 (b), which provides, among other things, for punishment of deported aliens who attempt unlawful re-entry. The act provides that for the purposes of that act an alien who has been ordered deported and has left the United States shall be considered to have been deported in pursuance of law. Such a provision in no sense compels the Secretary of Labor to accord the right of voluntary departure, or even implies such a right where a warrant has been issued. If a practice allowing voluntary deportation has grown up in the immigration service, it is of necessity something resting only in the discretion of the Secretary of Labor.

This privilege was possessed by the petitioner unrestricted for six weeks, but he did not avail himself of the opportunity. Instead he became involved with the police, allowing the time to expire within which he might have departed voluntarily.

Petitioner does not question the right of the immigration authorities to deport him. He claims the right of choice of destination because what he thinks will be cruel and unusual punishment awaits him there.

[4] While this is a consideration·that might very well appeal to the Secretary of Labor, it rests in his discretion alone, for there exists no power in the courts to control the discretion of an executive officer, except on a clear showing of its abuse.

Writ is discharged, and the petitioner remanded to the custody of the immigration authorities.