**UNITED STATES ex rel. WEINBERG v. SCHLOTFELDT, District Director of Immigration and Naturalization.**

**No. 50.**

District Court, N. D. Illinois.

Nov. 23, 1938.

Stephen S. Snyder and Lawrence C. Mills, both of Chicago, Ill., for petitioner.

Michael L. Igoe, of Chicago, Ill., for respondent.

SULLIVAN, District Judge.

This matter comes before me on a petition for habeas corpus originally filed August 22, 1938; amended petition filed August 26, 1938.

On October 6, 1938, writ was ordered, issued, returnable October 12, 1938, at which time respondent filed his return, and surrendered Weinberg to the Custody of the United States Marshal. October 21, 1938, petitioner filed his traverse.

On June 13, 1938, petitioner, on a telegraphic warrant of arrest, issued by the Assistant Secretary of Labor, was arrested in deportation proceedings charging him with being in the United States in violation of the Immigration Act of 1924, 8 U.S.C.A. § 201 et seq., in that at the time of his entry he was not in possession of an unexpired immigration vise.

While in custody at Chicago, Weinberg was sworn and interrogated by Inspector P. E. Johnson, who caused a stenographic report to be made of said sworn statement. In addition, on the same day, a hearing was conducted by Immigration Inspector C. C. Davis, at which petitioner was represented by counsel. In answer to questions put to him at the time he made the statement as well as at the hearing, Weinberg stated that his real name is Bezallel Weinberger, but that he goes by the name of Sol Weinberg because it is easier to pronounce. He was born of jewish parents on November 22, 1907, at Nizni Orlich, Zupa Zeplinska, formerly Austria Hungary, now Czechoslovakia. He first entered the United States in August 1927, as a member of the crew of the S. S. Berlin, at New York City, New York. After his entry, he missed the ship on its return voyage and remained in this country, making no attempt to secure passage on another boat. He remained in this country, until September 10, 1931, when he obtained United States passport under the name of Markus Fliegelman. The passport was obtained when Weinberg presented an original copy of a certificate of

naturalization belonging to the father of Markus Fliegelman, which he had borrowed. The passport has been destroyed. Weinberg sailed from the United States in October, 1931, on the S. S. Berengaria, for Poland for the purpose of visiting his mother who was ill, and remained in Poland for six months. He returned to the United States on May 14, 1932, arriving at New York on the S. S. Albert Ballin. At that time he was not in possession of an unexpired consular immigration vise, but claimed American citizenship by virtue of the passport issued to him under the name of Markus Fliegelman. He considered himself a citizen of the United States because he has lived here for more than eleven years, although he has never made application for citizenship.

June 30, 1937, he was married to Evelyn Sophia Miller at Santa Ana, California, but upon learning after their marriage that his wife had given birth to an illegitimate child prior to their marriage they separated, and he does not know whether or not she obtained a divorce. His wife was an American citizen, having been born in Los Angeles, California, on April 25, 1915.

The record discloses that the relator is a jew, thirty-one years of age, having been born in that part of Austria Hungary which is now Czechoslovakia; that his mother is dead, and that he has not heard from his father for a long time, although he believes that he may still be living somewhere in Poland. ` His maternal grandfather at one time advised him that he (the relator) had probably lost his Czechoslovakian citizenship because he did not report for military service when he reached his majority. He does not know whether this maternal grandfather is now living. He (the relator) was married to a United States citizen, but after their marriage they separated when he learned that his wife had formerly given birth to an illegitimate child. The record further discloses that he has never been on relief but has always worked and supported himself; that he has never been arrested except that he was once fined for a traffic violation; and that he has never been guilty of a crime involving moral turpitude.

It is a matter of common knowledge that at the present time in Central Europe the jews are being persecuted, their property confiscated and that they are obliged to seek sanctuary in other countries.

 Under conditions as they now exist it would be cruel and inhuman punishment to deport this petitioner to Czechoslovakia, belonging as he does to the race which is thus being persecuted and exiled, especially when the charge against him is that at the time of his entry into the United States he was not in possession of an unexpired immigration vise. I do not believe that the immigration laws contemplate any such strict compliance with the letter thereof, as would oblige the court to return at this time a jew to a country where his property would be confiscated, where his life might be in jeopardy, and from which, if he were permitted to enter it at all, he would forced immediately to flee.

The prayer of the petition for habeas corpus is granted, the petition is sustained, and petitioner discharged from custody.