## UNITED STATES ex rel. KOENTJE v. REIMER, Director of Immigration and Naturalization, et al.
## THE SANTA ROSA.

District Court, S. D. New York.
Dec. 11, 1939.

Oberwager & Oberwager, of New York City (Charles A. Oberwager, of New York City of counsel), for relator.

John T. Cahill, of New York City (J. Randall Creel, of New York City, of counsel), for respondent Reimer.

CONGER, District Judge.

This matter comes before me by reason of a Writ of Habeas Corpus, obtained by the relator, Heinz Koentje. He attacks the legality of his detention at Ellis Island by the Director of Immigration and Naturalization, and also the proceedings which resulted in the order of deportation.

Under ordinary circumstances and conditions there could be no question but that the relator should be deported. The relator received a fair trial, and there is evidence to sustain the findings of the Immigration authorities.

The order of deportation was based on the fact that the relator was not in possession of an unexpired consular immigration visa, contrary to Section 13(a) (1), of the Immigration Act of 1924, as amended, Title 8, Section 213(a), (1) U.S.C., 8 U.S.C. A. § 213(a) (1), and because he is an alien stowaway subject to exclusion under Title 8, Section 136 (*l*), United States Code, 8 U.S.C.A. § 136(*l*).

There is no factual dispute here. The relator is a citizen of Germany; he left Germany on the S. S. Este as a member of the crew. The S. S. Este, a merchant ship, was interned in the neutral port of Curacao, Dutch West Indies. The relator deserted this ship and stowed away on the S. S. Santa Rosa at the port of Curacao, on October 12th, 1939.

He concealed himself in one of the lifeboats of the S. S. Santa Rosa. He was without a visa or a passport of any kind, a stowaway. He had no right to enter the United States under these circumstances. He had never been in the United States before, and as I have stated, under ordinary circumstances on these facts alone, he would be deported without question.

However, the relator through his attorney, has pictured to me a very sad situation about the dire results that will come to the relator if he is deported: that he may be Court-Martialed in Germany, or captured by the French or English on his way to Curacao. But over this I have no control, and as I see it, I have no discretion. Under the law there is nothing that I can do except sustain the decision of the Immigration authorities. I cannot go beyond the law.

The attorney for the relator advances a further argument that deportation to Curacao will violate the Neutrality Act, Act Aug. 31, 1935, 49 Stat. 1081, as amended, 50 Stat. 121, 22 U.S.C.A. §§ 245a to 245i, or the Proclamation of the President of the United States in relation to neutrality.

I am satisfied that this is unsound argument. Curacao is not in the forbidden zone, and I see no reason why the relator could not be deported to Curacao, from

whence he came, without in anyway creating an international situation. Did the relator receive a fair trial? Was the decision of the Immigration authorities justified by the testimony? The answers being in the affirmative, there is nothing for me to do but to dismiss the Writ, sustain the decision of the Immigration authorities, and remand the relator to the custody of the Commissioner of Immigration.

Settle order on notice.