**OSBORNE v. JOHNSTON et al.**

**No. 9713.**

Circuit Court of Appeals, Ninth Circuit.

June 14, 1941.

Sidney F. deGoff, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and Alfonso J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the District of New Mexico (hereafter called the New Mexico court), appellant, George Guy Osborne, was indicted, tried, convicted and sentenced to life imprisonment for murdering a special agent of the Federal Bureau of Investigation of the Department of Justice while the agent was engaged in the performance of his official duties.[1] An appeal from the judgment of conviction was, on appellant's own motion, dismissed.[2] Appellant was committed to the custody of the Attorney General,[3] who designated as the place of his confinement the United States penitentiary at Leavenworth, Kansas, from which place, by order of the Attorney General, he was subsequently transferred to the United States penitentiary at Alcatraz, California.

While there confined and serving his sentence, appellant petitioned the District Court of the United States for the Northern District of California (hereafter called the California court) for a writ of habeas corpus. The California court, instead of issuing the writ, ordered appellee, James A. Johnston, warden of the penitentiary at Alcatraz, to show cause why the writ should not issue. To that order appellee filed a return, which appellant traversed. After a hearing, at which appellant was not present, the California court entered an order denying the petition. From that order this appeal is prosecuted.[4]

The question is whether the petition states facts entitling appellant to a writ of habeas corpus. For the purpose of this inquiry, the traverse is treated as part of the petition. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. ——.

The petition states the facts stated hereinabove. Thus it appears from the petition that appellant is restrained of his liberty under and by virtue of the New Mexico court's judgment hereinabove referred to. The facts stated show that the New Mexico court had jurisdiction of appellant's person and of the offense for which he was prosecuted, and hence had jurisdiction to render the judgment mentioned. The petition states no fact or facts showing a lack of such jurisdiction. Hence it does not state facts entitling appellant to a writ of habeas corpus. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455.

The petition contains statements to the effect that the New Mexico court never had jurisdiction, that it lost its jurisdiction, and that its judgment was void for lack of jurisdiction; but these are mere conclusions of law, which we are not required to accept,[5] and which—since the pleaded facts do not warrant them—we do not accept.

The petition states that the special agent whom appellant was convicted of murdering was not, at the time he was killed, engaged in the performance of his official duties. This, if true, would have been a good defense, but it has no bearing on the question of jurisdiction.

The petition states that at appellant's trial, after the Government had rested, the case was reopened; that the Government thereupon produced evidence

---

[1] 18 U.S.C.A. §§ 253, 452, 454.

[2] Osborne v. United States, 10 Cir., 92 F.2d 1011.

[3] 18 U.S.C.A. § 753f.

[4] 28 U.S.C.A. §§ 225(a), 463, 464.

[5] Ex parte Cuddy, 131 U.S. 280, 286, 9 S.Ct. 703, 33 L.Ed. 154; Whitten v. Tomlinson, 160 U.S. 231, 232, 242, 16 S.Ct. 297, 40 L.Ed. 406; Kohl v. Lehlback, 160 U.S. 293, 296, 16 S.Ct. 304, 40 L.Ed. 432; Craemer v. Washington, 168 U.S. 124, 129, 18 S.Ct. 1, 42 L.Ed. 407; Collins v. McDonald, 258 U.S. 416, 420, 42 S.Ct. 326, 66 L.Ed. 692.

tending to show that the agent whom appellant was charged with murdering was, at the time he was killed, engaged in the performance of his official duties; that appellant then moved for a continuance in order that he might procure evidence controverting that of the Government; and that said motion was denied. The petition further states that, by the denial of said motion, appellant was deprived of his constitutional right to have compulsory process for obtaining witnesses in his favor. This is a mere conclusion of law and obviously an erroneous one. So far as the petition shows, appellant did not, by his motion or otherwise, request compulsory process for obtaining witnesses. There is, therefore, no basis for the conclusion that he was deprived of his right to such process.

The petition states that, after appellant had appealed from the New Mexico court's judgment, his attorneys moved for leave to withdraw from the case and requested the court to appoint other counsel for appellant, and that the court granted said motion to withdraw, but failed to appoint other counsel for appellant. This failure, the petition concludes, constituted a denial of appellant's constitutional right to have the assistance of counsel for his defense. The conclusion is wholly unwarranted, for it appears from the petition that appellant had the assistance of counsel for his defense. Failure to appoint counsel to assist him in his appeal did not deprive him of any constitutional right. Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, 707.

Order affirmed.