**SOEWAPADJI et al. v. WIXON.**

No. 11375.

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1946.

Writ of Certiorari Denied Dec. 16, 1946.

See 67 S.Ct. 369.

Gladstein, Andersen, Resner, Sawyer & Edises and Harold M. Sawyer, all of San Francisco, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for appellee Wixon.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Northern District of California, a petition for a writ of habeas corpus was filed by Harold M. Sawyer on behalf of appellants, aliens then in custody of I. F.

Wixon, District Director of the Immigration and Naturalization Service at San Francisco, California. Wixon was ordered to show cause why the writ should not be issued. In response thereto, he filed a return, which was not traversed. From a judgment denying the petition this appeal is prosecuted.[1]

■ The petition stated that appellants' detention in Wixon's custody was illegal. This, however, was a mere statement of a conclusion. The petition did not state any fact or facts warranting the conclusion. Hence the court was not required to accept the conclusion as correct.[2]

It appeared from the petition and from the return that appellants were detained in Wixon's custody under and by virtue of deportation warrants, copies of which were attached to and made part of the return. The warrants were issued under and pursuant to § 14 of the Immigration Act of 1924, 8 U.S.C.A. § 214, and directed that appellants be deported to the Netherlands East Indies.

The petition stated that appellants were ex-seamen and were "being deported for refusal to man Dutch or British ships sailing to Indonesia." The warrants showed that appellants were being deported because, after due hearings, it had been found that some of them were, at the time of entry, not entitled to enter the United States, and that the others had remained in the United States for a longer time than was permissible.[3] It was not claimed that the hearings were unfair, or that the findings were incorrect.

■ The petition stated that appellants were subject to, and claimed allegiance to, "the Government of the Republic of Indonesia," and that, if deported to the Netherlands East Indies, they would "be arrested as disloyal and traitorous to the Netherlands Government and subjected to severe punishment and possible execution." These facts—if facts they were—did not entitle appellants to a writ of habeas corpus.[4]

■ There is no merit in the contention that appellants' deportation would be a cruel and unusual punishment and hence a violation of the Constitution of the United States. Amend. 8. Deportation is not punishment.[5]

■ There is no merit in the contention that appellants have a right of asylum which precludes their deportation. Aliens illegally in the United States have no right of asylum therein.[6]

Contending that they were and are entitled to a writ of habeas corpus, appellants cite Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103, and United States ex rel. Weinberg v. Schlotfeldt, D.C.N.D.Ill., 26 F.Supp. 283. Bridges v. Wixon does not support appellants' contention. United States ex rel. Weinberg v. Schlotfeldt is clearly erroneous[7] and should not be followed.

Judgment affirmed.

---

[1] After the appeal was taken, Wixon was appointed custodian of appellants, and Wixon as custodian was substituted as appellee in the place and stead of Wixon as Director.

[2] Ex parte Cuddy, 131 U.S. 280, 286, 9 S.Ct. 703, 33 L.Ed. 154; Whitten v. Tomlinson, 160 U.S. 231, 242, 16 S.Ct. 297, 40 L.Ed. 406; Kohl v. Lehlback, 160 U.S. 293, 296, 16 S.Ct. 304, 40 L.Ed. 432; Craemer v. Washington, 168 U.S. 124, 129, 18 S.Ct. 1, 42 L.Ed. 407; Collins v. McDonald, 258 U.S. 416, 420, 42 S.Ct. 326, 66 L.Ed. 692; Choy Gum v. Backus, 9 Cir., 223 F. 487, 491; Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, 706; Osborne v. Johnston, 9 Cir., 120 F.2d 947, 948.

[3] See § 14 of the Immigration Act of 1924, 8 U.S.C.A. § 214.

[4] United States ex rel. Giletti v. Commissioner, 2 Cir., 35 F.2d 687, 689; Ex parte Panagopoulos, D.C.S.D.Cal., 3 F. Supp. 222, 223; United States ex rel. Fortmueller v. Commissioner, D.C.S.D. N.Y., 14 F.Supp. 484, 488; United States ex rel. Hudak v. Uhl, D.C.N.D.N.Y., 20 F.Supp. 928, 930; United States ex rel. Koentje v. Reimer, D.C.S.D.N.Y., 30 F. Supp. 440; Glikas v. Tomlinson, D.C. N.D.Ill., 49 F.Supp. 104.

[5] Fong Yue Ting v. United States, 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905; Bugajewitz v. Adams, 228 U.S. 585, 591, 33 S.Ct. 607, 57 L.Ed. 978; Skeffington v. Katzeff, 1 Cir., 277 F. 129, 131; Costanzo v. Tillinghast, 1 Cir., 56 F.2d 566, 567, affirmed in 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350.

[6] Ex parte Kurth, D.C.S.D.Cal., 28 F. Supp. 258, 263; Glikas v. Tomlinson, supra.

[7] See cases cited in footnotes 4, 5 and 6.