**408**

SAAT and Soerlo, Appellants, v. Albert DEL GUERCIO, District Director, Immigration and Naturalization Service, Appellee.

No. 11391.

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1946.

Katz, Gallagher & Margolis and Leo Gallagher, all of Los Angeles, Cal., and Gladstein, Andersen, Resner, Sawyer & Edises and Harold M. Sawyer, all of San Francisco, Cal., for appellants.

James M. Carter, U. S. Atty., and Ronald Walker, Asst. U. S. Atty., both of Los Angeles, Cal. (Bruce G. Barber, Chief, Adjudications Division, Immigration & Naturalization Service, of Los Angeles, Cal., on the brief), for appellee Del Guercio.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

PER CURIAM.

The judgment of the District Court is affirmed upon the authority of Soewapadji v. Wixon, 9 Cir., 157 F.2d 289, and cases there cited.

Folger ADAM, Appellant, v. PAULY JAIL BUILDING COMPANY.

No. 13410.

Circuit Court of Appeals, Eighth Circuit.

Sept. 7, 1946.

Thomas A. Banning, Jr., of Chicago, Ill., and Edmund C. Rogers, of St. Louis, Mo., for appellant.

· John H. Cassidy, of St. Louis, for appellee.

PER CURIAM.

Appeal from District Court dismissed, on stipulation of parties.

In re BARLUM REALTY COMPANY, a Michigan Corporation, Debtor, and George E. Brand, Appellant, v. NATIONAL BANK OF DETROIT, Trustee ·for Debtor, M. M. Wardell, Petitioning Creditor, and Securities and Exchange Commission, Appellees.

No. 10063.

Circuit Court of Appeals, Sixth Circuit.

Sept. 9, 1946.

For former opinion, see 154 F.2d 562.

PER CURIAM.

The Court having considered the petition for rehearing filed herein by the claimant-appellant, George E. Brand, and it appearing that the order of the District Court of May 23, 1945, was not erroneous in so far as it refused to recognize said claim as a reorganization expense; and it also appearing that claimant's petition does not state a valid claim of any other nature against the Trustee herein, but that said issue, although urged upon us by appellant on this appeal, was not presented to the District Court and is not involved in this appeal, and claimant now desired an opportunity to amend his petition in the District Court on that issue, it is ordered that the said petition for rehearing be sustained to the extent that the order of the District Court of May 23, 1945, is affirmed only in so far as it refuses to recognize said claim as a reorganization expense. Said order is now modified so as to be without prejudice to claimant's right to amend his petition in the District Court and to be further heard thereon with respect to a claim of a different nature.