**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven Wayne LILLY,
Defendant-Appellant.**

**No. 74–1063.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1975.

Richard Carstensen (argued), Billings, Mont., for defendant-appellant.

Keith Burrowes, Asst. U. S. Atty. (argued), Billings, Mont., for plaintiff-appellee.

Before MERRILL and ELY, Circuit Judges, and REAL, District Judge.*

## OPINION

MERRILL, Circuit Judge:

Appellant and two companions, all members of the Assiniboin Indian Tribe, after an evening spent drinking beer at several different parties or locations, decided at 1:30 a. m. to obtain more beer from an establishment located on the Fort Peck Indian Reservation. At that establishment an altercation occurred, the proprietor was shot and killed and beer was stolen.

Appellant was indicted for first-degree murder as defined in 18 U.S.C. § 1111 (1970)[1] in that he "did unlawfully kill one William Carl Veseth, a human being, committed in the perpetration of a rob-

bery, by shooting him with a rifle * * *." He was convicted following jury trial.

Appellant assigns as error the failure of the district court to instruct the jury that robbery is a crime requiring specific intent and that intoxication may negate the existence of specific intent. The district court rejected appellant's proposed instructions and instead charged as follows:

"You may not find the defendant guilty of first-degree murder by reason of a killing during the perpetration of a robbery, unless you find beyond reasonable doubt that at the time of the killing the defendant was engaged in the perpetration of a robbery as defined in these instructions.

Whoever, within the special territorial jurisdiction of the United States, by force and violence takes from the person or presence of another anything of value is guilty of robbery.

Elements required to be proved in order to establish robbery are:

1. That Steven Wayne Lilly did take beer from the person or presence of William Carl Veseth.

2. That such act was done by force and violence.

3. That the act was done within the exterior boundaries of the Fort Peck Indian Reservation."

The charge with respect to robbery was based on 18 U.S.C. § 2111 (1970).[2] The Government contends, as it did below, that since specific intent is not expressly required by § 2111 it is not an element of the offense of robbery as there defined and as used in § 1111.

---

* Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

1. "(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect

the death of any human being other than him who is killed, is murder in the first degree.

   Any other murder is murder in the second degree."

2. "Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."

We cannot agree. Prior to revision in 1948 the section defining robbery did require specific intent.[3] This was achieved by use in the section of the qualifying term "feloniously," which had been recognized as signifying the element of specific intent to steal in robbery at common law. *See* United States v. Baker, 24 F.Cas. 962, 965 (No. 14,501) (C.C.S. D.N.Y.1861); United States v. Durkee, 25 F.Cas. 941, 943 (No. 15,009) (C.C. N.D.Cal.1856); R. Perkins, Criminal Law 279–80 (2d ed. 1969). The offense as thus enacted was accepted as the crime of robbery as known to the common law. *See* Collins v. McDonald, 258 U.S. 416, 420, 42 S.Ct. 326, 66 L.Ed. 692 (1922); *see also* United States v. Nedley, 255 F.2d 350, 355–57 (3d Cir. 1958). It was not until the 1948 revision to its present language that the word "feloniously" was dropped from the section. In light of United States v. Porter, 431 F.2d 7 (9th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970), and other cases dealing with the first paragraph of 18 U.S.C. § 2113(a) (1970), where similar language is used, it may be that specific intent is no longer required by § 2111. *But see* Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). That question we do not reach. We confine our ruling to robbery as that term is used in § 1111.

Section 1111, defining murder, was drawn without change from Act of March 4, 1909, ch. 321, § 273, 35 Stat. 1143 (codified as 18 U.S.C. § 452 (1946) ). When that predecessor was enacted, robbery, either at common law or by statutory definition, *see* United States v. Carll, 105 U.S. 611, 612–13, 26 L.Ed. 1135 (1882), was a crime of which specific intent was a necessary element. The Reviser's Notes to the 1948 revision indicate no intention to alter the elements of "robbery" as used in § 1111. *See* H.R. Rep.No.304, 80th Cong., 1st Sess. A1, A89–90 (1947), 1948 U.S.Code Cong.Serv. 2434, 2444, 2545 (special pamphlet ed.).

There were special and important reasons for requiring that element when robbery was to serve as the basis for felony murder—reasons that may not apply to § 2111 or the first paragraph of § 2113(a). It was robbery's specific intent that served to supply the element of premeditation.[4] If the Government be correct in its view that robbery today, as that term is used in § 1111, does not require specific intent, the extraordinary result would be that first-degree murder, the essence of which historically has been cold-blooded premeditation in the nature of poisoning or lying in wait, could, as federal felony murder, be committed without specific intent to commit any crime at all. If the element of premeditation or its surrogate is to be completely eliminated from federal first-degree murder in this fashion, congressional intent to this effect should, in our view, be more expressly stated than it was in the case of the 1948 revision which resulted in § 2111.[5]

We conclude that specific intent remains an element of robbery as used in § 1111; that appellant was entitled to an instruction to that effect and to the effect that intoxication may negate the existence of specific intent, *cf.* Kane v. United States, 399 F.2d 730, 736 (9th Cir. 1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 699 (1969); that it was error not to instruct to this effect.

---

**3.** The predecessor of § 2111 read as follows:

"Whoever, by force or violence, or by putting in fear, shall feloniously take from the person or presence of another anything of value, shall be imprisoned not more than 15 years."

Act of March 4, 1909, ch. 321, § 284, 35 Stat. 1144 (codified as 18 U.S.C. § 463 (1946) ).

**4.** We note in passing that under § 1111 *all* murder, including second-degree murder and felony murder, requires "malice aforethought."

**5.** In the Reviser's Notes to § 2111 the only reference made to any change in setting forth the elements of the offense was: "Minor changes were made in phraseology." H.R. Rep.No.304, *supra,* at A134, 1948 U.S.Code Cong.Serv. at 2595 (special pamphlet ed.).

Appellant's remaining assignments of error either need not be reached or are without merit.

Reversed and remanded for a new trial.[6]

REAL, District Judge (dissenting):

This appeal arises from the indictment and conviction of Appellant for first degree murder in that he "did unlawfully kill one William Carl Veseth, a human being, committed in the perpetration of a robbery by shooting him with a rifle, in violation of Title 18 U.S.C., Sections 1153 and 1111." This charge is what is commonly called felony-murder.

The facts, as presented by the record on appeal are relatively clear. Appellant in the company of co-defendants James Red Dog and Ralph Clancy had been drinking beer (the record is devoid of evidence as to how much Appellant actually had to drink).[1] Running low on their supply of beer, Appellant accompanied by co-defendants Red Dog and Clancy went to Bill's Pizza Palace to "obtain some more beer."[2] Arriving at the Pizza Palace Appellant and Red Dog went to the back door of the Pizza Palace while Clancy stayed with the car.

In response to Appellant's and Red Dog's knock Bill Veseth, the owner of Bill's Pizza Palace opened the back door.

In the ensuing moments Veseth was shot and Red Dog entered the Pizza Palace and took several cases of beer. Veseth later died as the result of the gunshot wounds inflicted during the scuffle at the back door of the Pizza Palace.

Appellant has raised several alleged errors committed by the trial judge during the trial. The only one which merits detailed consideration is the assigned error that the trial court refused to and failed to instruct the jury upon specific intent as a necessary element of felony-murder and the concomitant refusal to give any instructions on intoxication as it bears upon the specific intent to properly explain the necessary elements of the offense (violation of 18 U.S.C. § 1111).[3]

The crime with which appellant was charged and subsequently convicted is cognizable by direct enactment of Congress defining both murder[4] and robbery[5] rather than by the Assimilative Crime Statute, [18 U.S.C. § 13][6] applying state law to Federal enclaves.

Title 18 U.S.C. § 1111 basically unchanged since its enactment in 1897 provides in its pertinent part:

§ 1111. Murder.

(a) Murder is the unlawful killing of a human being with malice afore-

---

6. We note that in sentencing defendant after the conviction here vacated the district court did not make the finding, required under 18 U.S.C. § 5010(d), that defendant, who was under 22 years of age at the time of conviction, would not benefit from the special forms of treatment provided under the Youth Corrections Act. *See* Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); Belgarde v. United States, 503 F.2d 1054 (9th Cir. 1974). This oversight can be cured if appellant is convicted in a new trial.

1. There was testimony that between the three —Lilly, Red Dog and Clancy—they had "roughly maybe two six packs of beer". Clancy testified he had 3 or 4 but that cannot lead this court to the conjecture about *how much* beer Appellant consumed.

2. Clancy testified that there was discussion of obtaining beer from Bill's Pizza Palace. Another witness, Margaret Lindsay, testified concerning a conversation "about going to the Pizza Palace and holding it up and obtaining four cases of beer."

3. 18 U.S.C. § 1153, as pertinent here, merely extends Federal jurisdiction to the offenses of murder and robbery as they are committed by Indians within the Indian country, i. e., upon an Indian reservation.

4. 18 U.S.C. § 1111.

5. 18 U.S.C. § 2111.

6. Title 18 U.S.C. § 13 provides in pertinent part:

§ 13. Laws of states adopted for areas within Federal jurisdiction.

Whoever within or upon any of the places now existing or hereafter reserved or acquired [jurisdiction of U. S.] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable . . . within the . . . State . . . in which such place is situated, by the laws thereof . . . shall be guilty of a like offense and subject to a like punishment.

thought. Every murder . . . committed in the perpetration of, or attempt to perpetrate, any . . . robbery . . . is murder in the first degree.

Felony-murder included within 18 U.S.C. § 1111 obviates the intent of killing a human being with malice aforethought and the trial judge properly instructed the jury upon the treatment of "malice aforethought" as used in the statute.

Appellant's claim of the requirement of specific intent as affected by a proffered defense of intoxication is somewhat vague but can only have reference to the elements of robbery.

Robbery at common law is defined in various ways, but most commonly as the felonious taking of money or goods of value from the person of another or in his presence, against his will, by force or by putting him in fear.

With common law robbery already an established crime the Congress enacted into federal statutory law at least as early as 1820 a robbery statute applicable to such an offense committed within the admiralty, maritime and territorial jurisdiction of the United States. The statute provided:

> Whoever, by force and violence, or by putting in fear, shall feloniously take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

This language survived revisions of the Federal Criminal Code in 1909 and 1940. But in 1948 a massive revision of the criminal code brought changes which are significant to the intent aspect of the definition of "robbery" as found in the federal statutory scheme.[7] The 1948 revision brought the robbery offense language to:

> Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

18 U.S.C. § 2111.

As evident from the language quoted, the Congress dropped the word "feloniously" found in previous statutory language in its enactment of the present statutory scheme creating a federal robbery offense. Does this create a specific intent offense? This is a question of first impression in the interpretation of 18 U.S.C. § 2111.[8]

A preliminary exclusion is helpful: in deleting "feloniously" from Section 2111 Congress eliminated the animo furandi (felonious) intent to steal present in the common law definition of robbery.

---

7. Title 18 U.S.C., Ch. 103—Robbery and Burglary, § 2111 et seq.

8. Although this court has not had occasion to interpret 18 U.S.C. § 2111, it has reviewed 18 U.S.C. § 2113(a) a bank robbery statute with comparable language. Section 2113(a) provides *inter alia:*

   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association

   . . .

   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

   In comparing this language with that of § 2111 it is evident that both require 1) the taking from a person, 2) anything of value, 3) by the use of force or intimidation. The only difference is that § 2111 applies to special maritime and territorial jurisdiction while § 2113 is applicable to banks. Significantly, both sections are devoid of the word "feloniously" which is generally included in the common law definition of robbery. In United States v. Porter, 431 F.2d 7 (9th Cir. 1970), cert. denied 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970), this court concluded that the language of § 2113 quoted above does not include specific intent as an element of the offense. *Id.* at 10. In holding today that specific intent is an element of an offense under § 2111, the majority thrusts upon the legal world an irreconcilable discrepancy. Two statutes with virtually identical language have been construed so that in one (§ 2111) specific intent is an element and in the other (§ 2113) it is not. Such a disparity should not exist and it is my belief that *Porter* was decided correctly and that § 2111 in the instant case should be construed in accordance with the dictates of *Porter.*

That changes were occurring in 1948 is evident from the Reviser's Notes [9] to Section 2112 where "felonious taking" was eliminated from that section as being covered by Section 641—a theft statute whose words required—and do *now* require—definition by application of the common law. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). But *Morissette* is inopposite to an interpretation of a statute which needs no construction of common law words "embezzles, steals, purloins or knowingly converts to his own use . . . ." The language of § 2111 is clear that "Whoever, . . . by force and violence, or by intimidation, takes from the person or presence of another anything of value . . . ." This requires only 1) the taking from the person or presence of another, 2) something of value, 3) by the use of force or intimidation. None of these elements partake of the quality of common law specific intent. The gravamen of the offense is not the intent to permanently deprive, i. e. to steal, but is the taking by *force, fear,* or *intimidation.* For these reasons I cannot agree with the majority that this language purports to require a "specific intent permanently to deprive the owner of the property taken of use of that property" i. e. an intent to steal.

Perhaps the difference here is a semantic one which confuses criminal intent with specific intent. The traditional instruction upon specific intent is as follows:

> "The crime charged in this case is a serious crime which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, (or knowingly failed to do an act which the law requires,) purposely intending to violate the law. Such intent may be determined from all the

facts and circumstances surrounding the case.

> An act or a failure to act is 'knowingly' done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason."

1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 13.03 at 273–74 (2d Ed. 1970).

The language of § 2111 [10] does not meet this definition of specific intent. The trial court properly instructed the jury on the elements of robbery as defined in § 2111.

Since I have concluded that specific intent is not required no instruction of intoxication was necessary. But there is yet another reason why the intoxication instruction was not necessary in this case. Although there was evidence of "drinking" there was no evidence upon which the jury could as reasonable men conclude that Appellant was intoxicated.

I would affirm the judgment.

---

**9.** H.R.Rep.No.304, 80th Cong., 1st Sess. 2595 (1947).

**10.** This is the only aspect of the change to which "intent" could apply. The fact that it

here substitutes the otherwise necessary specific intent in a murder prosecution does not change the intent quality of § 2111.