899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie Ray STATON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5944.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Freddie Ray Staton, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Staton was prosecuted for felony murder. While in the Great Smoky Mountains National Park (which is within the special territorial jurisdiction of the United States), Staton and his co-defendant hit the victim, Albert Brian Hunt, in the head with rocks, robbed him and left him bleeding and unconscious. Hunt was ultimately attacked by bears and mauled to death. Pursuant to a plea agreement, Staton pleaded guilty to second degree murder in violation of 18 U.S.C. Secs. 2 and 1111 and was sentenced to thirty-five years imprisonment. The district court later denied Staton's motion for a reduction of sentence filed pursuant to Fed.R.Crim.P. 35(b).
 
 
 4
 Thereafter, Staton filed the instant motion alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel. The district court denied the motion finding that Staton's guilty plea was voluntarily entered, and that counsel had not rendered deficient performance.
 
 
 5
 On appeal, Staton reasserts his claims and requests the appointment of counsel. He additionally argues that new evidence in the form of a coroner's report would prove that he was innocent of murder.
 
 
 6
 Upon review, we deny the request for counsel and affirm the district court's judgment. Staton alleged that he was not advised of the nature of the charges against him, nor was he advised of his right to a jury trial. These allegations are refuted by the record as a review of the plea colloquy indicates that the deputy clerk read count one of the indictment in open court, and Staton, in response to the court's inquiry, stated that he understood the charges. The court also advised Staton that he was entitled to trial before twelve people. Staton was also informed of the maximum possible penalty that could be imposed. Thus, the record establishes that Staton's plea was voluntarily entered. See Brady v. United States, 397 U.S. 742, 755 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 7
 Nor do we find any merit to Staton's ineffective assistance of counsel claims. Staton alleged that counsel's performance was deficient because counsel did not file a motion for discovery; he did not move for a psychiatric evaluation; and he did not move for suppression of statements allegedly made in violation of Staton's Miranda v. Arizona, 384 U.S. 436 (1966), rights. These allegations are refuted by the record. Counsel did in fact file a motion for discovery which was withdrawn by consent of the parties because the government provided counsel with full access to its evidence. Counsel also filed a motion for a psychiatric evaluation which the court granted. The results of the evaluation indicated that not only was Staton competent to stand trial, but he also understood what he was doing at the time of the offense. Moreover, Staton has never explained exactly which of his Miranda rights were allegedly violated. Furthermore, trial counsel submitted an affidavit stating that he considered all possible defenses, including possible suppression of Staton's statements, but, it was his opinion that Staton's statements were admissible. We conclude that counsel's performance was not deficient. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Finally, we note that Staton's major complaint in the district court and here on appeal centers around his belief he is innocent of murder because he did not intend to kill the victim; rather, the victim's death was the result of a bear attack. This fact is irrelevant because to sustain a conviction under 18 U.S.C. Sec. 1111, the government was not required to prove a specific intent to kill, but only that Staton had the specific intent to rob the victim. See United States v. Lilly, 512 F.2d 1259, 1260-61 (9th Cir.1975). Staton has admitted that he and his co-defendant planned to rob the victim. This is sufficient to sustain a conviction under 18 U.S.C. Sec. 1111.
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation